# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50966
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELWOOD CLUCK, also known as Jack Cluck,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:95-CR-99-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Elwood Cluck, federal prisoner # 68640-080, appeals the district court's order denying his motion for leave to file his proposed pleading entitled a "motion to vacate and dismiss the prosecutors' February 7, 2014 letter and vacate the judgment dated May 27, 1997 due to lack of subject matter jurisdiction and prosecutorial misconduct." The district court construed the proposed pleading as seeking a writ of error coram nobis that would vacate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50966

Cluck's 1997 sentence of restitution, and it determined that (1) it could not modify a restitution order through such a writ; (2) the proposed claims were duplicative of those raised by Cluck in earlier proceedings; (3) to the extent Cluck sought to raise new claims, he presented no sound reason for his failure to seek appropriate relief earlier; and (4) Cluck failed to demonstrate any substantial, ongoing civil disability resulting from his allegedly wrongful conviction that would warrant granting the extraordinary writ of coram nobis.

We review the district court's "factual findings for clear error, questions of law de novo, and the district court's ultimate decision to deny the writ [of coram nobis] for abuse of discretion." *Santos-Sanchez v. United States*, 548 F.3d 327, 330 (5th Cir. 2008), *vacated on other grounds by* 559 U.S. 1046, (2010). This court's "review is limited by the presumption of correctness of prior proceedings and the narrow range of claims cognizable in granting the remedy sought by [the petitioner]." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). Coram nobis relief is available only upon proof that the petitioner is suffering civil liabilities as a result of the challenged criminal conviction and that the error is of sufficient magnitude to justify the extraordinary relief. *See id.* at 422, 430. "[A] petitioner seeking *coram nobis* must exercise 'reasonable diligence' in seeking prompt relief." *Id.* at 427 (footnoted citations omitted). Thus, he must provide sound reasons for failing to seek appropriate relief earlier. *Id.* at 422.

Cluck did not make the requisite showings in the district court. We conclude that the district court did not abuse its discretion by denying Cluck's motion sua sponte. *See Santos-Sanchez*, 548 F.3d at 330. We do not address challenges to the Government's enforcement efforts that were not preserved below. *See Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 846 (5th Cir. 2010).

The district court's order is AFFIRMED. All pending motions are DENIED.